IN RE:     JERISSA  A COAXUM               :       CHAPTER 13
           Debtor                             :
                                         :

           JACK N. ZAHAROPOULOS       :
           CHAPTER 13 TRUSTEE          :
           Movant                             :
                                         :
           vs.                                 :
                                         :
           JERISSA  A COAXUM              :
           Respondent                   :          CASE NO: 1:26-BK-01184-HWV

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

      COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtor's plan for the following reason(s):

1.     Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts: Insufficient monthly net income after car payments are added to Schedule J.

2.     Debtor's Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following: Residential real estate. Trustee requests proof of the value of the Debtor's home as stated in his/her schedules.

3.     Schedule A/B lacks description. Vehicles not listed.

4.     Trustee avers that Debtor's Plan is not feasible based upon the following: Secured claim(s) is not in the Plan. Claim #6 by Santander arrears.

      WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

                 a.     Deny confirmation of Debtor's plan.
                 b.     Dismiss or convert Debtor's case.
                 c.     Provide such other relief as is equitable and just.

Dated: June 04, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos

Standing Chapter 13 Trustee
Suite A, 8125 Adams Drive
Hummelstown, PA  17036
(717) 566-6097

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

SHANE L WEAVER
SHANE WEAVER LAW
568 OLD YORK ROAD
ETTERS, PA 17319

Dated: June 04, 2026                    /s/ Ashley Schott

                                        Office of Jack N. Zaharopoulos
                                        Standing Chapter 13 Trustee